Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ROCKYOU, INC.,<br><br>                                Debtor. | Chapter 7<br><br>Case No. 19-10453 (SCC) |
| SALVATORE LAMONICA, as Chapter 7 Trustee of the estate of RockYou, Inc.,<br>                                Plaintiff,<br><br>        - against -<br><br>McGUIREWOODS LLP,<br>                                Defendant. | Adv. Proc. No. 21-_____<br><br>**COMPLAINT** |

Plaintiff Salvatore LaMonica, as Chapter 7 Trustee of the above-named Debtor's estate, hereby alleges:

**THE PARTIES**

1.    Plaintiff Salvatore LaMonica is the Chapter 7 Trustee of the estate of the Debtor, a Delaware corporation.

2.    Defendant McGuireWoods LLP is a law firm headquartered in Richmond, Virginia, which represented the Debtor in its negotiation of a Credit Agreement with Centre Lane Partners Master Credit Fund II, L.P., as agent, dated as of December 21, 2017, and amendments thereto, the foreclosure on substantially all of the Debtor's assets as of January 31, 2019, with the Debtor's consent pursuant to N.Y. U.C.C. § 9-620, by CL Media Holdings LLC (dba Wild Sky Media), a wholly-owned subsidiary of Centre Lane, and in the Debtor's bankruptcy case.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). The Trustee consents to the Court's entering final judgment on his claim.

4.  This action is properly venued in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

Scope of Engagement

5.  The Debtor was an interactive media company that delivered free-to-play games and content to consumers on mobile devices, social media (e.g. Facebook) and the web, with a view principally to generating advertising revenue.

6.  The Debtor incurred over $20 million in debt under the above-referenced Credit Agreement.

7.  McGuireWoods represented the Debtor in connection with the negotiation of the Credit Agreement and amendments thereto.

8.  The Debtor sold its games business in a transaction that closed on or about December 23, 2018.

9.  McGuireWoods represented the Debtor in the sale transaction.

10. The Debtor's remaining, media business segment was comprised of parenting and lifestyle brands, and their respective websites; specifically, LittleThings, CafeMom, The Revelist, Mamas Latinas, Baby Name Wizard, 50-plus website Purple Clover and Mom.me.

11. Centre Lane and Wild Sky Media foreclosed on substantially all assets of the Debtor's assets with its consent on terms set forth in Foreclosure Agreement among them, dated as of January 31, 2019.

12. McGuireWoods represented the Debtor in connection with the foreclosure.

13. On February 13, 2019, McGuireWoods filed a voluntary petition for relief on behalf of the Debtor.

Pre-Preference Period Payment History

14. McGuireWoods' invoice/payment history reflects that the first payment made to it was made on June 6, 2018, on account of an invoice issued on the same date in the amount of $127,000 on account of services rendered October 2017-April 2018 (roughly six months) in connection with the Credit Agreement.

15. The second payment to McGuireWoods was made September 10, 2018, on account of an invoice issued June 21, 2018 (81 days prior) for services rendered May-June 2018 in connection with an amendment to the Credit Agreement.

16. The Statement of Financial Affairs states that McGuireWoods was paid a $25,000 retainer on September 13, 2018.

17. McGuireWoods issued two invoices to the Debtor on October 22, 2018: one for $31,172.50 and another for $10,770. The former was satisfied by application of two "unallocated credits" of $15,586.25/each; and the latter was paid on October 23, 2018 (one day later).

Payments Made in Preference Period Through Foreclosure

18. From the commencement of the preference period through the foreclosure date, McGuireWoods received five payments for past services rendered, each greater than its $25,000 retainer, that were applied as follows:

| Invoice Date | Invoice Amount | Payment Date | Payment Amount | Days Between Dates |
|---|---|---|---|---|
| 10/22/2018 | $14,800.00 | 11/26/2018 | $28,804.00 | 15-day weighted average |
| 11/13/2018 | $7,575.00 | | | |
| 11/19/2018 | $6,429.00 | | | |
| 12/04/2018 | $34,518.50 | 12/07/2018 | $34,518.50 | 3 days |
| 12/17/2018 | $33,495.00 | 12/24/2018 | $33,495.00 | 7 days |
| 01/07/2019 | $32,722.53 | 01/14/2019 | $32,722.53 | 7 days |
| 01/29/2019 | $58,921.30 | 01/31/2019 | $58,921.30 | 2 days |

**Total: $188,460.83**

## CLAIM FOR RELIEF
### Avoidance and Recovery of Preferences

19. The Trustee incorporates by reference the allegations in the preceding paragraphs as if they were fully restated.

20. The Trustee seeks to avoid and recover the above-identified payments made December 7, 2018-January 31, 2019 (totaling $159,657.33) ("Preference Payments").

21. McGuireWoods was a creditor of the Debtor at the time each Preference Payment was made.

22. Each Preference Payment was made on account of an antecedent debt owed by the Debtor before the payment was made.

23. Each Preference Payment was made while the Debtor was balance sheet insolvent, and not paying its debts generally as they became due. Indeed, at the time the payments were made the Debtor had already determined that it would surrender substantially all of its assets in a friendly foreclosure.

24. Each Preference Payment was made within 90 days before the petition date.

25. Each Preference Payment enabled McGuireWoods to receive more than it would had it not been made and had McGuireWoods received payment on account of its resulting claim to the extent provided under Bankruptcy Code section 726.

26. The Preference Payments are avoidable and recoverable under Bankruptcy Code section sections 547(b) and 550(a).

WHEREFORE, the Trustee prays for judgment in the amount of $159,657.33, plus prejudgment interest and costs, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 3, 2021

AMINI LLC

/s/ Jeffrey Chubak
Avery Samet
Jeffrey Chubak
131 West 35th Street, 12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
*Attorneys for Plaintiff*